# IN RE DILG.

### PATENTS; AMENDMENTS OF APPLICATION; CLAIMS.

1. An applicant for a patent in his endeavor to protect his invention may amend his specification and claims, so long as he keeps within the requirements of the statutes and rules of the Patent Office; but he cannot be permitted at any time to introduce new matter into his application, and obtain therefor a date as of the date of his original application.

2. Where an applicant's ball-retaining ring is a simple invention, there is no warrant for introducing ambiguous terms, thereby failing to clearly and correctly describe it.

3. Where the applicant for a patent originally disclosed standards springing from both edges of an annular base, and according to the original disclosure both were necessary, it was *held* that an amendment claiming a base having standards springing from one edge only involved new matter; and where the original case disclosed the top pieces of the standards with straight sides, it was *held* that an amendment stating that those top pieces were sector shaped or flaring also involved new matter.

4. An applicant's claims to a ball-bearing ring are properly rejected by the Commissioner of Patents, where they do not correctly describe his invention, but include new matter borrowed from a patent granted to another party.

Nos. 272 and 273. Submitted January 10, 1905. Decided February 7, 1905.

HEARING on two appeals by an applicant for a patent from

separate decisions of the Commissioner of Patents rejecting certain claims of an application and a division thereof.   *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. J. S. Barker* and *Mr. J. O. Fowler* for the appellant.

*Mr. John M. Coit* for the Commissioner of Patents.

Mr. Justice DUELL delivered the opinion of the Court:

These two appeals from the decision of the Commissioner of Patents, presenting a similar question and based upon an original application and a division thereof, can be well considered together.

They do not present the question of patentability, but rather the right of appellant, Christian F. Dilg, to make certain claims in the two applications, the former of which, as before stated, is divisional to the latter.

The records disclose that the appellant on October 18, 1897, filed the original application known as Serial No. 655,652, for an improvement in ball-bearings.   While that application was in process of examination, and on February 16, 1900, he filed the second application as a division of the former, and it is known as Serial No. 5,434.   Both applications were repeatedly rejected, in whole or in part, and as often amended.   It was not until by the amendment of August 27, 1903, that the claims in controversy of the parent application were submitted and an interference requested with patent No. 686,617, issued November 12, 1901, upon an application filed December 23, 1897, by Henry B. Keiper.

The claims in controversy of the divisional application first appeared in an amendment filed September 1, 1903.   These claims were copied from patent No. 686,617 and an interference therewith requested.                    .

It appears, therefore, that nearly six years elapsed between the filing of the parent application and the presentation of the claims in controversy, and that the patent with which interfer-

ences were requested had been issued nearly two years prior to the request therefor.

Before proceeding to consider the question presented by the two appeals, it may be premised that while we do not question the right of an applicant, in his endeavor to protect his invention by apt claims, to amend the specification, including thereunder the claims, as long as he keeps within the requirements of the statutes and the rules of the Patent Office based thereon, he is not permitted at any time to introduce new matter into his application, and obtain therefor a date as of the date of the original application. The reasons for this are too obvious and well known to require enumeration. It is the duty of the Commissioner of Patents to reject all claims, a basis for which is not found in the application as originally filed.

In *Chicago & N. W. R. Co.* v. *Sayles,* 97 U. S. 554, 24 L. ed. 1053, the Supreme Court, in referring to attempts to add to or vary the original application by amendment, said: "It will be observed that we have given particular attention to the original application, drawings, and models filed in the Patent Office by Thompson and Bachelder. We have deemed it proper to do this because, if the amended application and model filed by Tanner five years later embodied any material addition to or variance from the original—anything new that was not comprised in that—such addition or variance cannot be sustained on the original application. The law does not permit such enlargements of an original specification, which would interfere with other inventors who have entered the field in the meantime, any more than it does in the case of reissues of patents previously granted. Courts should regard with jealousy and disfavor any attempts to enlarge the scope of an application once filed, or of a patent once granted, the effect of which would be to enable the patentee to appropriate other inventions made prior to such alteration, or to appropriate that which has, in the meantime, gone into public use."

With this rule laid down for the guidance of the Patent Office and this court, we are to consider in each case before us whether the Commissioner of Patents was right in rejecting the

claims in question because the applications as filed did not furnish a legal basis for their allowance; or, in other words, whether the claims in question embodied new matter.

In separately considering the two appeals we prefer to first take up appeal No. 273, for the reason that the application to which it relates is the parent application, rather than in the order in which the appeals were taken.

The claims in appeal No. 273 are as follows:

"6. A ball-retaining device for ball-bearings consisting of a ring-shaped portion or base having flaps with extensions which are laterally enlarged to produce pointed ends, the flaps being upwardly and the extensions outwardly bent, in combination with balls held on the base in the spaces created by said flaps and their extensions, substantially as set forth.

"7. A ball-retaining device for ball-bearings consisting of. a ring-shaped portion or base having flaps with top-retaining portions or extensions which are laterally enlarged to produce pointed ends, the said flaps extending upwardly from the base and the extensions extending outwardly, in combination with balls held on the base in the spaces created by the said flaps and the top retaining extensions.

"8. A sheet-metal ball-retaining device for ball-bearings consisting of a ring-shaped portion or base from which extend standards which in turn carry ball-retaining extensions, such extensions being laterally enlarged to produce pointed ends, the standards extending upward relative to the base and the extensions outward, in combination with balls held on the base in the spaces formed by the said standards and extensions.

"9. A ball-retaining device for ball-bearings comprising a base portion, a series of top retaining members for the balls arranged substantially parallel with the base and disposed so as to separate the recesses for the individual balls, the oppositely-disposed edges of which top retaining portions, bounding the recesses, are concave, and intermediate connecting parts between the said base and top ball-retaining portions, the whole being constructed and arranged to retain the balls so they shall

project from the bearing in the inner and outer and upper directions.

"10. A ball-retaining device for ball-bearings comprising a corrugated ring having a series of base-supports for the balls and a series of top retaining portions located practically parallel with the said base-supports and connected therewith, the oppositely-disposed edges of which top retaining portions are concave, the whole being constructed and arranged to retain the balls so they shall project from the bearing in the inner and outer and upper directions."

A careful examination of the specification and drawing as originally filed shows conclusively that there is no warrant found therein for these claims. By an amendment to the specification, filed October 5, 1903, appellant attempted to insert matter upon which he could predicate his appealed claims. The terms set forth in this amendment do not correctly describe the appellant's invention, and are borrowed from the Keiper patent. The invention is a simple one, and there is no warrant for introducing ambiguous terms, thereby failing to clearly and correctly describe it. The Patent Office was justified in objecting to the use of terms such as "ring-shaped base," "standards or flaps," and "flanges or extensions," as they do not correctly describe elements of construction found in the thing as first described and shown.

Referring specifically to claim 6, it may fairly be said that the following elements of the claim are not disclosed in the application as filed: i. e., "ring-shaped portion or base," "flaps with extensions which are laterally enlarged to produce pointed ends."

The Examiners-in-Chief, in their opinion, fully and fairly state what appellant discloses in his application, and analyze the claims, demonstrating conclusively that they are unwarranted and inapplicable to the construction disclosed by him. In view of the fact that appellant cannot now file a new application and make the claims in controversy, we might be inclined, if we had any doubt as to his right to make the claims in the present application, to resolve such doubt in his favor, but

there is no room for doubt. The action of the Patent Office was correct, and the reasons are so fully disclosed by the opinions of the various tribunals that there is no necessity for us to elaborate our views.

The claims appealed in No. 272, which appeal relates to the divisional application serial No. 5,434, are as follows:

"14. A ball-retaining device for ball-bearings consisting of a ring-shaped portion or base having a series of standards springing from one edge thereof only and provided with sector-shaped or flaring angularly-arranged extensions, whereby suitable spaces are formed for receiving and confining the balls between adjacent standards.

"15. A ball-retainer consisting of an annular base portion and a series of integral parts extending from one edge only of said base and having flaring portions arranged at an angle thereto, whereby suitable spaces are formed for receiving balls which are sprung into said spaces and confined between said parts.

"16. A ball-retaining device for ball-bearings, consisting of a ring-shaped portion or base having a series of standards springing axially from one edge thereof only and terminating in sector-shaped or flaring angularly-arranged flanges or extensions, whereby suitable spaces are formed for receiving and confining the balls between adjacent standards."

The ground of rejection of these claims is, as before stated, that they are unwarranted by the drawing or description as originally filed, and consequently embody new matter.

Has appellant the right to make these claims, or, as asserted in the Patent Office, is he debarred from making the claims because the various elements are neither shown nor described in the application as filed? After an examination of the record, our conclusion is that he has no right to make these claims in the present application.

The original application disclosed "standards" springing from both edges of an annular base, and we fail to find the slightest intimation that appellant contemplated the omission of either series of standards. The construction disclosed required

the employment of both series of standards in order to retain the balls. All the claims in controversy have as an element a series of standards or integral parts extending from one edge of the annular base portion *only*. This is such a radical departure from the invention as originally shown and described that it is clearly unwarranted, and, standing by itself, would have been sufficient ground for the adverse action of the Office. There is, however, another fatal departure from the original disclosure. In the amendment of October 5, 1903, the appellant injects into the specification a statement, in substance, that these standards have extensions or top pieces which are "sector-shaped or flaring." He originally disclosed only straight-sided extensions, and the change is clearly not warranted by anything found in the drawing.

For the reason that appellant's device, as filed, failed to disclose the "sector-shaped" top pieces and standards on one side *only* of the ring-shaped base, he is not justified in amending his specification in the respect stated, nor in presenting the claims in controversy.

The decisions of the Commissioner of Patents in both appeals are correct, and we must affirm them.

The opinion and the proceedings in the two causes in this court will be certified to the Commissioner for record in his office, according to law.             *Affirmed.*